IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RICHARDS                                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:15cv839-FKB-FKB

NORRIS HOGANS, ET AL.                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [28] filed by Defendant Richard Pennington, in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, James Richards, has not responded to the motion. The Court has held an Omnibus Hearing in this matter, at which time the parties consented to proceed before the undersigned United States Magistrate Judge, and the District Judge subsequently entered an Order of Reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Richards is proceeding in this matter *in forma pauperis* and *pro se*.

I.  CLAIMS

Richards alleges that the defendants violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). In his Complaint [1], Richards alleges a myriad of claims regarding the conditions of confinement at EMCF against a number of Defendants. According to the Complaint, Defendant Pennington is the Director of the Administrative Remedy Program ("ARP") and Rules Violation Reports ("RVR") appeals at EMCF, *id.* at 4, and is employed by the State of Mississippi. *See* Answer [21]. Richards has sued Pennington in his individual and official capacities, but has not specifically alleged claims against Pennington related to his conditions of confinement. Instead, Richards's claims against Pennington relate solely to the ARP and RVR appeals process. In his Complaint, Richards asserts that Pennington wrongly rejected his appeal of an RVR as untimely, that Pennington and

other Defendants conducted unfair disciplinary procedures, and that Pennington participated in a conspiracy with other Defendants to write false RVRs. *Id.* at 11, 14. Plaintiff's claims against other Defendants will be addressed by separate order.

Defendant Pennington asserts that he is entitled to dismissal on two bases. First, Pennington argues that Richards has failed to exhaust his administrative remedies regarding his claims against him prior to filing this action. Second, Pennington argues that Richards has failed to state any actionable claim against him. Pennington has supported these arguments with a sworn affidavit, which recounts that two of Richards's grievances, EMCF-15-2245 and EMCF-15-2246, were rejected as untimely, and that his office has no record of an ARP grievance against Pennington regarding his rejection of Richards's ARPs. [28-1].

Richards has failed to file a written response to this Motion, but the Court heard his testimony regarding the Motion during the omnibus hearing. At the hearing, Plaintiff testified that he had sued Pennington because he had rejected Richards's RVRs. Additionally, Richards acknowledged that Pennington was not personally involved in the alleged constitutional violations related to his conditions of confinement claims.

## II. DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*,

2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

In this case, Richards does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Richards asserted in his Complaint that he had completed the ARP with regard to his claims. However, in his Complaint and at the omnibus hearing, he admitted that his ARPs had been rejected. [1] at 6. In a sworn affidavit [28-1], Pennington averred that Richards's ARPs challenging several RVRs were rejected because they were untimely filed. Moreover, Pennington's office had no record of any ARP filed by Richards challenging Pennington's rejection of the ARPs as untimely. *Id.* In fact, Richards admits as much, as he did not assert in his Complaint or at the hearing that he had filed a separate ARP against Pennington based on Pennington's rejection of his ARPs.

˘4˘

Bare, unsubstantiated allegations of exhaustion simply are not enough to withstand a properly supported motion for summary judgment. *Id.*; *see also Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014)(Prisoner's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances."). Richards has failed to come forward with any credible evidence supporting his initial assertion that he exhausted his administrative remedies, and he admits that his ARPs regarding his RVRs were rejected. Richards also admitted at the omnibus hearing that his claims against Pennington were based solely on Pennington's rejection of his ARPs. Pennington points out, and Richards does not refute, that Richards failed to file a separate ARP against Pennington for rejecting his ARPs. Accordingly, Pennington is entitled to summary judgment on the basis of Richards's failure to exhaust administrative remedies.

Furthermore, Richards's claims against Pennington for rejecting his ARPs do not rise to the level of a constitutional violation. At the omnibus hearing, Richards admitted that his claims against Pennington were based solely on Pennington's rejection of the ARPs, and that Pennington was not personally involved in the alleged constitutional violations about which Richards complains. Richards "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). As Richards relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to resolve his grievances in his favor is indisputably meritless. *See id.*

Finally, although Pennington did not move for summary judgment on Richards's claims brought against him in his official capacity, it is well-established that a suit against a state

official in his or her official capacity is a suit against the state, and the state generally cannot be sued under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Pennington is entitled to summary judgment with respect to Richards's claims against him in his official capacity.

### III. CONCLUSION

Accordingly, for these reasons, the undersigned hereby grants the Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies filed by Defendant Pennington.

SO ORDERED, this the 14th day of April, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE