IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RICHARDS                                                       PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:15cv839-FKB-FKB

NORRIS HOGANS, ET AL.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Partial Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Norris Hogans, Ray Rice, Simone Jones, Alma Wren, LeShuntae Hughes-Moore, Katrina Coleman, Jeremy Clay, and Terry Hibbler [30], and joined by Defendant Jared Miller [37], in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, James Richards, has not responded to the motion. The Court has held an Omnibus Hearing in this matter, at which time the parties consented to proceed before the undersigned United States Magistrate Judge, and the District Judge subsequently entered an Order of Reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Richards is proceeding in this matter *in forma pauperis* and *pro se*.

I. CLAIMS

Richards alleges that the defendants violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). In his Complaint [1], Richards alleges a myriad of claims regarding the conditions of confinement at EMCF against Defendants, who were employees of EMCF at the time of the events on which the action is based.

Defendants argue that they are entitled to partial summary judgment based on Richards's failure to exhaust administrative remedies. In short, Defendants acknowledge that Richards has exhausted his administrative remedies related to his Eighth Amendment claims based on the

living conditions he experienced while housed in Unit 6-D. *See* [30-1] at 2, 14. However, Defendants argue that Richards has failed to exhaust his administrative remedies with regard to certain Rules Violation Reports ("RVRs"), as follows:

1. RVR # 01538913, received on August 6, 2015, for throwing an unknown liquid substance on Officer Clay with a punishment of loss of all privileges for 30 days. [30-3] at 1;

2. RVR # 01639634, received on August 6, 2015, for throwing an unknown liquid substance on Officer Hibbler with a punishment of loss of all privileges for 30 days. [30-3] at 5;

3. RVR # 01639635, received on August 6, 2015, for threatening staff with a punishment of loss of all privileges for 30 days. [30-3] at 11; and

4. RVR # 01654753, received on August 7, 2015, for throwing an unknown liquid substance on Officer Clay with a punishment of loss of all privileges for 30 days. [30-3] at 15.

Defendants argue that Richards failed to exhaust his administrative remedies with regard to these RVRs when he attempted to appeal the convictions in one administrative grievance, EMCF-15-2246, but the grievance was rejected as untimely. [30-1] at 2, 27.

Richards was also found guilty on three additional RVRs, as follows:

1. RVR # 01654120, received on August 19, 2015, for refusing to obey an order of staff by refusing to be housed in general population, with a punishment of a custody review. [30-3] at 20;

2. RVR # 01654441, received on September 24, 2015, for failing to obey an order

    by staff by refusing to move out of segregation back into general population with a punishment of loss of all privileges for 30 days. [30-3] at 26; and

  3. RVR # 01653660, received on October 15, 2015, for failing to obey an order of staff by refusing to move out of segregation back into general population with a punishment of possible reclassification. [30-3] at 30.

Plaintiff alleges that his administrative appeal of RVR # 01654120, found in EMCF-15-2245, was rejected as untimely. [30-1] at 17-18. There is no record of his appeal of RVR # 01654441 and RVR # 01653660. *Id.* at 3.

  Richards has failed to file a written response to this Motion, but the Court heard his testimony on the RVR appeals process during the omnibus hearing. At the hearing, Plaintiff asserted that some disciplinary hearings were held, while other hearings were not held as the records indicated. He maintained that the disciplinary proceedings were biased against him by asserting that officials had found him guilty before the hearings began. He also testified that he was given falsified and "bogus" RVRs. In his Complaint, he alleged that it took over two months to obtain copies from his caseworker of all four of the RVRs he received in August 2015, therefore his appeal was delayed. [1] at 10.

## II. DISCUSSION

  Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

> other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an

initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

In this case, Richards does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Richards asserted in his Complaint that he had completed the ARP with regard to his claims. However, in his Complaint and at the omnibus hearing, he admitted that some of his ARPs had been rejected. [1] at 6. In a sworn affidavit [28-1], Defendant Pennington averred that Richards's ARPs challenging several RVRs were rejected because they were untimely filed. Mary Dempsey, the ARP Coordinator at EMCF and custodian of the ARP records, presented an affidavit stating that Richards's appeals of RVR # 01654120, # 01538913, # 01639634, #01639635, and # 01654753, were rejected as untimely because the grievances related to these

RVRs, EMCF-15-2245 and EMCF-15-2246, were submitted more than fifteen days from the date Richards received the RVRs. [30-1] at 2.

Bare, unsubstantiated allegations of exhaustion simply are not enough to withstand a properly supported motion for summary judgment. *Id.*; *see also Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014)(Prisoner's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances."). Richards has failed to come forward with any credible evidence supporting his initial claim that he exhausted his administrative remedies, and he admits that his ARPs were rejected. However, Richards alleges in his complaint and he testified at the omnibus hearing that his caseworker delayed producing copies of his RVRs until October 15, 2015, over two months after he received the RVRs forming the basis of grievances EMCF-15-2245 and EMCF-15-2246. According to the Appeal Procedure, the RVR forming the basis of a grievance must be attached to any appeal. [30-3] at 3.

Despite a seemingly bright line rule regarding exhaustion, the Fifth Circuit has carved out exceptions. The Fifth Circuit has recognized as an excuse from the exhaustion requirement "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson v. Ford,* 261 Fed. App'x 752, 755 (5th Cir. Jan. 14, 2008) (citing *Holloway v. Gunnell,* 685 F.2d 150, 154 (5th Cir. 1982)). A prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement." *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled by implication on other grounds, Jones*, 127 S.Ct. at 920-921); *see also*, *McDonald v. Cain*, 426

Fed. App'x 332 (5th Cir. 2011)(vacating dismissal of complaint when prisoner provided documents to support allegations of inadequacy of prison review process.). Factual disputes related to exhaustion may be resolved by a judge without resort to a jury. *Dillon*, 596 F.3d at 272.

According to Richards's Complaint and his sworn omnibus hearing testimony, he asserts that his caseworker essentially "interfered" with his timely filing of administrative grievances by failing to provide copies of his RVRs until after the deadline to appeal had expired. Accordingly, in an abundance of caution, the Court declines to grant summary judgment on the basis of Richards's failure to exhaust.

Even so, while Richards's claims of falsified RVRs and hearings are disturbing to the Court, his claims against Defendants regarding his RVRs do not rise to the level of a constitutional violation. At most, Richards suffered a loss of all privileges and possible reclassification.[1] Pursuant to *Sandin v. Conner*, liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472, 483-484 (1995). A loss of privileges for thirty days does not constitute a constitutional violation. *See Smith v. Anderson*, 2013 WL 1182995 (S.D. Miss. Feb. 13, 2013), *adopted*, *Smith v. Anderson*, 2013 WL 1182984 (S.D. Miss. Mar. 21, 2013)(finding that denial of privileges for three months and placement in administrative segregation for twenty days did not constitute a restraint which imposed an atypical and significant hardship under *Sandin*).

---

1 Plaintiff does not complain regarding the length of time for which he lost his privileges, nor does he allege that he was eventually reclassified. Instead, his Complaint focuses on the condition of his cells.

Neither does reclassification rise to the level of a constitutional violation. "Under *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case).

Accordingly, Defendants' Motion for Partial Summary Judgment is hereby granted, and Plaintiff's claims regarding denial of due process related to RVR # 01538913, RVR # 01639634, RVR # 01639635, RVR # 01654753, RVR # 01654120, RVR # 01654441, and RVR # 01653660 are hereby dismissed. Furthermore, because Richards's claims against Defendants Rice, Hughes-Moore, Rodriguez, Coleman, and Wren are based solely on his allegations of denial of due process related to the aforementioned RVRs, this action is dismissed with prejudice as to Defendants Rice, Hughes Moore, Rodriguez,[2] Coleman, and Wren.

In addition, the Court observes that Defendant Roberts remains unserved. According to defense counsel for Management & Training Corporation ("MTC"), Roberts is no longer employed by MTC. [14]. Defense counsel provided Roberts's last known address for service. *Id.*. However, a Deputy United States Marshal attempted service on Roberts at his last known address, but was informed that he no longer resided at the address. *See* [24]. Accordingly, Plaintiff is given thirty (30) days from the date of this Order to provide a current address for Roberts. *See* Fed. R. Civ. P. 4(m)(requiring service within 90 days after the complaint is filed).

---

2 Plaintiff has failed to serve Defendant Rodriguez.

Furthermore, Richards's claims against all Defendants in their official capacities are hereby dismissed. In short, claims against § 1983 defendants in their official capacities are the equivalent of suit against a governmental entity as a defendant. *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). Defendants' employer, MTC, is not a governmental entity and has not been named as a defendant, therefore Richards's claims against Defendants in their official capacities cannot stand. Additionally, Richards has failed to allege the existence of an official custom or policy of MTC that was the "moving force" behind his alleged constitutional violations. *See Pacheco v. Corrections Corp. of Am.* 2016 WL 6811623, *1-2 (S.D. Miss. Oct. 13, 2016), adopted*, 2016 WL 6808159 (S.D. Miss. Nov. 17, 2016).

III. CONCLUSION

Accordingly, for the reasons discussed in this Memorandum Opinion and Order, the Motion [30] for Partial Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies and the Joinder [37] are hereby granted. Therefore, Plaintiff's claims regarding denial of due process related to RVR # 01538913, RVR # 01639634, RVR # 01639635, RVR # 01654753, RVR # 01654120, RVR # 01654441, and RVR # 01653660 are hereby dismissed. Furthermore, because Richards's claims against Defendants Rice, Hughes-Moore, Rodriguez, Coleman, and Wren are based solely on his allegations of denial of due process related to the aforementioned RVRs, this action is dismissed with prejudice as to Defendants Rice, Hughes-Moore, Rodriguez, Coleman, and Wren.

Plaintiff is given thirty (30) days from the date of this Memorandum Opinion and Order to provide an address for service of process as to Joshua Roberts. Should Plaintiff fail to meet this deadline, Plaintiff's claims against Roberts will be dismissed.

Plaintiff's official capacity claims against all Defendants are hereby dismissed.

By separate Order, the Court will address discovery and set a motion filing deadline as to Plaintiff's remaining claims against Defendants Norris Hogans, Simone Jones, Jeremy Clay, Terry Hibbler, and Jared Miller.

SO ORDERED, this the 14th day of April, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE